UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON JARRELL SPIKES** | **CIVIL ACTION** |
| | NO. 22-587 |
| | *consolidated with* |
| | NOS. 22-588 |
| **VERSUS** | 22-589 |
| | 22-663 |
| | 22-664 |
| | 22-665 |
| | 22-742 |
| | 22-473 |
| | REF: ALL CASES |
| **22nd PUBLIC DEFENDER JOHN LINDER, ET AL.** | SECTION: "I"(3) |

## ORDER AND REASONS

Petitioner, Jason Jarrell Spikes, a Louisiana state prisoner, filed these federal habeas corpus applications pursuant to 28 U.S.C. § 2241. Because all eight applications are related to Spikes v. Louisiana, Civ. Action No. 18-8884 c/w Nos. 18-9422, 18-10470, and 18-13668 "I"(3), they were transferred to this section. See Local Rule 3.1.1. Like those prior petitions, these applications concern petitioner's state conviction for possession or introduction of contraband in a state correctional facility.

The history of that conviction is as follows:

Petitioner was convicted and sentenced for that crime in case number 16-CR6-129868 in the Louisiana Twenty-Second Judicial District Court in 2017. The Louisiana First Circuit Court of Appeal then affirmed his conviction, habitual offender adjudication, and sentence. State v. Spikes, No. 2017KA0655, 2017 WL 6524791 (La. App. 1st Cir. Dec. 21, 2017). In 2019, he thereafter filed a related writ application challenging the Court of Appeal's decision; however, the

Louisiana Supreme Court rejected that application, stating simply: "WRIT NOT CONSIDERED. Untimely filed pursuant to La.S.Ct.R. X § 5." State v. Spikes, 265 So. 3d 772 (La. 2019), reconsideration denied, 307 So. 3d 1030 (La. 2020).

Petitioner also challenged the conviction in federal court, filing four separate habeas corpus petitions pursuant to 28 U.S.C. § 2254. Those applications were dismissed with prejudice on the merits. Spikes v. Louisiana, Civ. Action No. 18-08884 c/w Nos. 18-09422, 18-10470, and 18-13668, 2019 WL 3308402 (E.D. La. May 28, 2019), adopted, 2019 WL 2432085 (E.D. La. June 11, 2019). Although he did not appeal, he thereafter repeatedly tried to challenge those dismissals by other means.

First, he filed a motion seeking relief from that judgment pursuant to Rule 60(b). That motion was construed as a successive habeas corpus petition and transferred to the United States Fifth Circuit Court of Appeals. The Court of Appeals then dismissed the matter because he failed to comply with a court notice. In re: Spikes, No. 19-30681 (5th Cir. Oct. 31, 2019).

Second, he filed a document styled as a "Plea to Release," which was dismissed. Spikes v. Louisiana, Civ. Action No. 18-08884 c/w Nos. 18-09422, 18-10470, and 18-13668, 2020 WL 3548938 (E.D. La. June 22, 2020), adopted, 2020 WL 3546329 (E.D. La. June 30, 2020). He did not appeal.

Third, he then filed another Rule 60(b) motion, which was denied. Spikes v. Louisiana, Civ. Action No. 18-08884 c/w Nos. 18-09422, 18-10470, and 18-13668, 2020 WL 4678292 (E.D. La. July 28, 2020), adopted, 2020 WL 4676288 (E.D. La. Aug. 12, 2020). Again, he did not appeal.

His efforts then continued through 2021, with him filing in that case some ten other motions, all of which were denied. Because his repeated filings had become abusive, he was twice warned that he risked sanctions if he continued to file frivolous motions in that case.

In 2022, he has now changed direction. Having repeatedly been denied relief under 28 U.S.C. § 2254, he has started seeking relief pursuant to 28 U.S.C. § 2241. However, for at least two reasons, the instant eight filings are not proper § 2241 petitions.

First, petitioner has not named a proper respondent. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfield v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Therefore, in a habeas corpus proceeding filed pursuant to § 2241, the proper respondent is the petitioner's immediate custodian. See Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974). As a prisoner incarcerated at the Rayburn Correctional Center, a state prison operated by the Louisiana Department of Public Safety Corrections, petitioner's immediate custodian is the prison warden. However, rather than naming the warden as the respondent in any of these applications, petitioner has instead named only various persons involved in his arrest and related state criminal proceedings: a public defender (Civil Action No. 22-587); the Washington Parish Sheriff (Civil Action No. 22-588); the Louisiana Twenty-Second Judicial District Clerk of Court and a deputy clerk (Civil Action Nos. 22-589 and 22-742); an attorney (Civil Action No. 22-663); his appellate counsel (Civil Action No. 22-664); and state district court judges (Civil Action No. 22-665 and 22-743).

Second, even if petitioner corrected that error, another problem would still prove insurmountable: he simply is not entitled to relief under § 2241. An individual in state custody is entitled to § 2241 relief in only two situations: (1) he is being held in pretrial detention in violation

of the federal constitution or (2) he is a convicted prisoner whose sentence is being executed improperly. Petitioner does not fall within either of those categories: he is not a pretrial detainee and, although he is a convicted inmate, he is not challenging the manner in which his sentence is being executed. Therefore, § 2241 is simply inapplicable here.

Nevertheless, because petitioner is proceeding *pro se*, this Court has the discretion to construe his applications as seeking relief pursuant to another provision of federal law pursuant to which relief could be available. But, here, there are none.

Six of the eight applications assert claims challenging the validity of petitioner's underlying conviction on various grounds, namely that: he received ineffective assistance of counsel at trial (Civil Action No. 22-587); his conviction was based on witness perjury (Civil Action No. 22-588); he was appointed improper counsel (Civil Action No. 22-663); he received ineffective assistance of counsel on direct appeal (Civil Action No. 22-664); and the state district court judges improperly denied a motion for acquittal (Civil Action No. 22-665) and a request for release due to a wrongful conviction (Civil Action No. 22-743). Because those claims challenge the validity of his conviction, they would have to be brought under 28 U.S.C. § **2254**, not § 2241.

Because petitioner has already sought and been denied § 2254 relief on the merits with respect to that conviction, this Court lacks jurisdiction to consider second or successive applications for such relief. Rather, federal law requires that petitioner first seek – and be granted – authorization for the filing of any second or successive applications. See 28 U.S.C. § 2244(b)(3)(A). Because he has not complied with that requirement, it would be futile to construe those six applications as § 2254 petitions. Therefore, they should instead simply be dismissed. See Propes v. District Attorney Office, 445 F. App'x 766, 767 (5th Cir. 2011); Smith v. Stephens, No. 4:13-CV-544, 2013 WL 3456675, at *1 (N.D. Tex. July 9, 2013).

As to Civil Action Nos. 22-589 and 22-742, those applications concern petitioner's dispute with the Louisiana Twenty-Second Judicial District Clerk of Court with respect to failure to provide documents.  Because that dispute in no way challenges the constitutionality of petitioner's custody, those two applications fail to present a proper habeas claim at all.  Moreover, for the following reasons, it would be futile to construe them as any other type of civil action.

While the applications could perhaps be construed as ones seeking mandamus relief, that would be pointless.  The federal mandamus statute, 28 U.S.C. 1361, applies only to **federal** officers, employees, and agencies – and, so, it would not allow this Court to grant a writ of mandamus directed to the non-federal officials named in the petition, i.e. the Louisiana Twenty-Second Judicial District Clerk of Court and a deputy clerk.  See, e.g., Sockey v. Gray, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); Slade v. Lafourche Parish, Civ. Action No. 21-1816, 2022 WL 324006, at *5 (E.D. La. Jan. 19, 2022) ("[T]he federal mandamus statute, 28 U.S.C. 1361, applies only to officers, employees, and agencies of the **federal government**.  The statute, therefore, clearly does not allow a federal court to grant a writ of mandamus directed to **state or parish officials**."), adopted, 2022 WL 319823 (E.D. La. Feb. 2, 2022); Shirley v. Starkey, Civ. Action No. 6:10cv364, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) ("The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency."), adopted, 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), aff'd, 427 F. App'x 305 (5th Cir. 2011).

Further, it would likewise be pointless to construe the applications as any other sort of non-habeas civil action, such as lawsuits brought pursuant to 42 U.S.C. § 1983, for at least two reasons.

First, the Prison Litigation Reform Act ("PLRA") provides that a prisoner, unless he is under imminent danger of serious physical injury, shall not be allowed to bring a civil action *in*

*forma pauperis*, if he has on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). Petitioner has already accumulated three "strikes" under that provision: Spikes v. Murry, Civ. Action No. 17-17817, 2018 WL 7286175 (E.D. La. May 8, 2018), adopted, 2019 WL 527874 (E.D. La. Feb. 11, 2019); Spikes v. McMorris, Civ. Action No. 17-17642, 2018 WL 1916880 (E.D. La. Jan. 26, 2018), adopted, 2018 WL 1912140 (E.D. La. Apr. 23, 2018); and Spikes v. Knight, Civ. Action No. 17-17638, 2018 WL 1477145 (E.D. La. Feb. 21, 2018), adopted, 2018 WL 1468253 (E.D. La. Mar. 26, 2018), appeal dismissed, No. 18-30460, 2018 WL 5018496 (5th Cir. July 17, 2018). In light of that fact, and because his dispute with the Clerk of Court over documents poses no imminent danger of serious physical injury, he would have to pay a fee of $402.00 (a $350.00 filing fee plus another required $52.00 miscellaneous administrative fee) for each case before it could be considered by this Court. Here, he has not paid the filing fees, and his pauper applications (in which he states that he has no assets whatsoever) indicate he could not do so.

Second, even if petitioner could and did pay the full filing fees for the two cases, his claims concerning his public records disputes simply are not cognizable under 42 U.S.C. § 1983 because they do not implicate any federal constitutional or statutory rights. Johnson v. Morrell, Civ. Action No. 09-3753, 2009 WL 2599286, at *2 (E.D. La. Aug. 17, 2009) ("In this lawsuit, plaintiff claims that the defendants have failed to provide him with copies of requested public records. However, even if that allegation is true, his claims implicate no federal constitutional or statutory rights. Therefore, he has no right to proceed under 42 U.S.C. § 1983."), appeal dismissed, 391 F. App'x 333 (5th Cir. 2010); see also Lewis v. Harrison, Civ. Action No. 19-0014, 2019 WL 943661, at *3 (E.D. La. Feb. 7, 2019), adopted, 2019 WL 937849 (E.D. La. Feb. 26, 2019); Lewis v. Jackson,

6

Civ. Action No. 14-0468, 2016 WL 1103904, at *4 (M.D. La. Mar. 1, 2016), adopted, 2016 WL 1092648 (M.D. La. Mar. 21, 2016); Williams v. Kreider, Civil Action No. 91-4180, 1992 WL 245914 (E.D. La. Sept. 24, 1992), aff'd, 996 F.2d 306 (5th Cir. 1993).

Because petitioner's applications do not seek relief available pursuant to 28 U.S.C. § 2241, and because it would be futile to construe them as seeking relief under any other provision of federal law, all eight applications are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this thirtieth day of March, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**